## PEOPLE *v.* GILLETTE.

*(Supreme Court, General Term, Fifth Department.　October 23, 1890.)*

FISHERIES—PROTECTION OF FISH.

Laws N. Y. 1879, c. 534, § 23, by its first provision, forbids the catching of any fish, except minnows, by other means than by hook and line, in certain waters of the state, including "the American waters of the Niagara river above Niagara Falls." The second provision of the section forbids the catching, except by the means prescribed, of any fish except minnows, bull-heads, eels, suckers, and cat-fish, "in any other of the fresh waters, or in the canals, of this state, or in the American waters of the St. Lawrence river," with certain exceptions. Among the waters excepted are those of Lake Champlain, which bear the same geographical relation to the state boundary as the Niagara and St. Lawrence rivers. *Held*, that the American waters of the Niagara river below Niagara Falls, not being within the exceptions, and being geographically and governmentally within the state, were within the provisions of the statute.

Appeal from special term.

Action against John W. Gillette to recover a penalty. From a judgment overruling his demurrer to the complaint, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Ely & Dudley,* for appellant.　*D. E. Brong* and *P. F. King,* for respondent.

DWIGHT, P. J. The action was for a penalty, imposed by section 23, c. 534, Laws 1879, for alleged illegal fishing in the American waters of the Niagara river below Niagara Falls. The sole question raised by the demurrer is whether those waters are within the interdiction contained in the second provision of the section cited. The first provision of the section forbids the catching of any fish, except minnows, by other means than by hook and line, in certain waters of the state, which are specified and which include "the American waters of the Niagara river above Niagara Falls." The second provision of the section forbids the catching, except by the means prescribed, of any fish except minnows, bull-heads, eels, suckers, and cat-fish," in any other of the fresh waters, or in the canals, of this state, or in the American waters of the St. Lawrence river," with exceptions which do not include the waters in question; and the penalty sued for is imposed for the violation of any provision of the section. The precise question, therefore, the answer to which must determine the sufficiency of this complaint, is whether the American waters of the Niagara river below Niagara Falls, are "fresh waters of this state." That they are so in any proper, general, and legal sense of the terms, admits of no discussion. Geographically, they are within the boundaries of the state; governmentally, they are within the jurisdiction of the state. Why are they not waters of the state within the meaning of the statute? The excuse for the question is found in the fact that the legislature has seen fit to add to the general designation of "any other of the fresh waters of the state" the particular designation of "the American waters of the St. Lawrence river." The argument is that the particular designation would not have been made if the waters so designated had been regarded as within the general designation which precedes; and that, if they were not so re-

garded, then other waters of the same class were not, and the American waters of the Niagara river below Niagara Falls are of the same class, viz.; waters which flow contiguous to the boundary line of the state; and therefore the last-named waters are not within the contemplation of the statute. We do not think the argument is conclusive, but, rather, that the method suggested of ascertaining the legislative intent is too argumentative and remote to furnish a rule of statutory construction. It is sufficient, we think, that the waters in question are within the plain, ordinary, and legal significance of the terms employed in the general designation of the statute, and that they are not included in the exceptions specified.

But whatever force might be given to the argument noticed, it will be seen to have equal application against as in favor of the defendant's contention in this case. Among the waters excepted from the provisions of this branch of the statute, we find those of Lake Champlain, which are in precisely the same category with those of the St. Lawrence and Niagara rivers, since the boundary between the states of New York and Vermont passes through the middle of the deepest channel of that lake. 1 Rev. St. p. 64, § 1. Of course, if none of the boundary waters of the state are included in the general designation of the statute, it was unnecessary to include one of them in the exceptions thereto. The opinion of the learned judge at special term well states the general principles of statutory construction applicable to the case, and we concur in the conclusion reached by him. The judgment appealed from must be affirmed. All concur.